Friedman, J.P,
dissents in a memorandum as follows: I respectfully dissent from the reversal of the grant of summary judgment to plaintiff in this case for substantially the same reason I dissent from the affirmance of the denial of summary judgment to the same plaintiff in American Tr. Ins. Co. v Longevity Med. Supply, Inc. (131 AD3d 841 [1st Dept 2015] [decided simultaneously herewith]). Here, as in Longevity, defendant medical vendor raised the issue of whether the IMEs were scheduled to be held within the 30-day time frame prescribed by Insurance Department Regulations (11 NYCRR) § 65-3.5 (d) for the first time on appeal. Had the issue been raised before the motion court, plaintiff may well have been able to establish that the IMEs had been scheduled in compliance with the regulation. More *851 over, in this case, it seems unfair to reverse the motion court’s granting of summary judgment to plaintiff based on an issue that was not raised in defendant’s opposition to the motion.